LARRY ANDERSON v. J. BARRY MEINSTER,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF MICHAEL A. MOLINA ET AL.

[No. 503, September Term, 1979.]

*Decided February 8, 1980.*

The cause was argued before MORTON, THOMPSON AND LOWE, JJ.

*Robert C. Verderaime,* with whom were *Samuel Blibaum, Henry Greenberg* and *Verderaime & DuBois, P.A.* on the brief, for appellant.

*Jack L. Hardwick,* with whom were *Richard Lazer Hillman, County Solicitor for Anne Arundel County, Robert C. Wilcox, Assistant County Solicitor* and *Hardwick, Tripoda & Harris* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

The Circuit Court for Anne Arundel County sustained a demurrer without leave to amend to the second amended declaration of Larry Anderson, the appellant, on the basis that a police officer, the appellee David Charles Harp, was immune from suit because of governmental immunity. In so ruling the trial judge was in error because a police officer's qualified immunity for torts is not available on demurrer. *See Carr v. Watkins,* 227 Md. 578, 177 A.2d 841 (1962), in which the Court said:

> "The Montgomery County police officers are in a somewhat different position. Maryland has not adopted the rule laid down in the *Barr* [1] case but, on the contrary, this Court has shown reluctance to extend absolute privilege or immunity from liability for torts to government officers of a higher rank than these defendants. *Walker v. D'Alesandro,* 212 Md. 163; *Maurice v. Worden,* 54 Md. 233; see also *Brush-Moore Newsp. v. Pollitt,* 220 Md. 132, 139. It has been felt that a qualified privilege is sufficient, so that immunity is conditioned upon absence of malice (unlike the situation where there is absolute privilege) and also upon action within the scope of the actor's duties and authority. *Walker v. D'Alesandro, supra;* 3 *Davis, Administrative Law Treatise,* Secs. 26.01-26.05; *Prosser, Torts* (2d ed.), Sec. 109, pp. 780-4; Comment, 70 U. Chi. L. Rev. 677.
>
> "The matters of malice and the scope of their duties must be determined as to Watkins and Whalen from the testimony presented at the trial since a defense of qualified privilege is not available

---

1. In Barr v. Matteo, 360 U.S. 564, 569, 3 L.Ed.2d 1434, the Supreme Court held that the acting director of the Office of Rent Stabilization, a federal agency, was entitled to an absolute privilege in an action of libel.

on demurrer in Maryland. *Pollitt v. Brush-Moore Etc., Inc.,* 214 Md. 570; *Walker v. D'Alesandro, supra." Id.* at 585-86 (footnote omitted).

See also, *DiBlasio v. Kolodner,* 233 Md. 512, 521, 197 A.2d 245, 249 (1964) and *Nistico v. Mosler Safe Co.,* 43 Md. App. 361, 368 n.3, 405 A.2d 340, 344 n.3 (1979).

> *Judgment reversed.*
> *Case remanded for further proceedings.*
> *Costs to abide final result.*